IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KIMBERLY CROCKER and
MELANIE ROYBAL,

    Plaintiffs,

vs.    No. CV 98 0078 LH

SMITH'S FOOD & DRUG CENTERS, INC.,

    Defendant

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant hereby removes the above-captioned action to this Court. As grounds for removal, Defendant shows the Court as follows:

1. The above-captioned action was originally filed in the First Judicial District Court, Santa Fe County, State of New Mexico on December 22, 1997 as SF-97-2968(C).

2. In the Plaintiffs' Complaint, the Plaintiffs assert a claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

3. The Complaint, asserting an action arising under the laws of the United States, is one of which the district courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1331, 1343 and 1441(a).

4. From the face of the Complaint, it is alleged that Plaintiffs are citizens of the State of New Mexico.

5. Defendant is a Utah corporation with its principal place of business in Salt Lake City, Utah. (See affidavit of Peter Barth attached hereto as Exhibit A).

6. There is complete diversity of citizenship. This is a civil action of which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332.

7. Defense counsel sought a stipulation from each Plaintiff that she is not seeking in excess of $75,000 in damages, including costs and attorneys fees. Plaintiffs' counsel has not stipulated. (See Exhibit B attached.)

8. Pursuant to 28 U.S.C. § 1446, promptly upon filing this Notice, Defendant will give written notice of the filing thereof to Plaintiffs and will file a copy of the Notice with the Clerk of the District Court of Santa Fe County, New Mexico, from which this action was removed.

9. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders filed in action No. SF 97-2968(C) is attached to this Notice. (See Exhibit C.)

7. This Notice is timely filed under 28 U.S.C. § 1446 within 30 days after Defendant's receipt of Plaintiffs' Complaint.

WHEREFORE, Defendant asks this Court to remove action No. No. SF 97-2968(C) from state court into this Court for trial and determination.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____
Scott D. Gordon
Attorneys for Defendant
Post Office Box 1888
Albuquerque, New Mexico 87103
(505) 765-5900

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing Notice of Removal was mailed on this __21st__ day of January 1988 to:

> Merit Bennett
> Stephen E. Tinkler
> Michele Masiowski
> Tinker & Bennett
> 425 Sandoval Street
> Santa Fe, NM 87501

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: _____
    Scott D. Gordon

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KIMBERLY CROCKER and
MELANIE ROYBAL,

    Plaintiffs,

vs.                                                             No. CV _____

SMITH'S FOOD & DRUG CENTERS, INC.,

    Defendant

## AFFIDAVIT OF PETER H. BARTH

STATE OF UTAH    )
    ) ss.
COUNTY OF SALT LAKE  )

Peter H. Barth, being first duly sworn, states as follows:

1. I am Vice President, Human Resources [PHB] ~~and Corporate Counsel~~ of Smith's Food & Drug Centers, Inc. (Smith's). I have personal knowledge of the facts stated in this affidavit and I am over 18 years of age. By virtue of my position at Smith's, I am familiar with its principal place of business. [PHB]

2. Smith's is a Delaware [PHB] ~~Utah~~ corporation with its principal place of business in Salt Lake City, Utah.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Peter H. Barth

SUBSCRIBED AND SWORN TO before me this 13th day of January 1998 by Peter H. Barth.

_____
Notary Public

My Commission Expires:

2-14-99



NOTARY PUBLIC
LISA M. RANDLES
1550 S Redwood Road
Salt Lake City, Utah 84104
My Commission Expires
February 14, 1999
STATE OF UTAH

**Exhibit A**

JAMES C. RITCHIE
ROBERT M. ST. JOHN
JOSEPH J. MULLINS
MARK K. ADAMS
ROBERT G. McCORKLE
BRUCE HALL
JOHN P. SALAZAR
WILLIAM S. DIXON
JOHN P. BURTON
REX D. THROCKMORTON
JONATHAN W. HEWES
W. ROBERT LASATER, JR.
MARK C. MEIERING
CATHERINE T. GOLDBERG
TRAVIS R. COLLIER
JO SAXTON BRAYER
S. I. BETZER, JR.
EDWARD RICCO
W. MARK MOWERY
PATRICK M. SHAY
NANCY J. APPLEBY
DAVID P. DAVENPORT, JR.
ELLEN T. SKRAK
TRACY McGEE JENKS
HENRY M. BOHNHOFF
CHARLES K. PURCELL
JAMES P. FITZGERALD
ANDREW G. SCHULTZ

JOHN M. BRANT
JOSEPH B. ROCHELLE
SCOTT D. GORDON
SUSAN S. THROCKMORTON
PATRICIA M. TAYLOR
DeWITT M. MORGAN
BRIAN H. LEMATTA
MARK A. SMITH
R. NELSON FRANSE
THERESA W. PARRISH
PAUL R. KOLLER
JAMES P. BIEG
JAY D. HILL
CHARLES J. VIGIL
MARY KELEHER CASTLE
THOMAS L. STAHL
DAVID W. BUNTING
SUSAN K. BARGER
PAUL C. COLLINS
KEVIN LYNN WILDENSTEIN
JEFFREY M. CROASDELL
JEFFREY L. LOWRY
DEBORAH E. MANN
ALICE L. NYSTEL
AMY E. BADGER
THOMAS A. OUTLER
SETH L. SPARKS

**RODEY, DICKASON, SLOAN, AKIN & ROBB, P. A.**
COUNSELORS AND ATTORNEYS AT LAW
ALBUQUERQUE PLAZA
201 THIRD STREET NW, SUITE 2200
ALBUQUERQUE, NEW MEXICO 87102

P. O. BOX 1888
ALBUQUERQUE, NEW MEXICO 87103

TELEPHONE (505) 765-5900

FACSIMILE (505) 768-7395

COUNSEL
JEFFREY W. LOUBET
RICHARD C. MINZNER
GARY D. EISENBERG
BENJAMIN C. ROYBAL
THOMAS P. GULLEY
LESLIE McCARTHY APODACA

OF COUNSEL
DON L. DICKASON
JACKSON G. AKIN
JOHN D. ROBB
RAY H. RODEY
DEBRA ROMERO THAL

PEARCE C. RODEY (1889-1958)
WILLIAM A. SLOAN (1910-1993)

SANTA FE OFFICE
MARCY PLAZA, SUITE 101
123 EAST MARCY STREET
P. O. BOX 1357
SANTA FE, NM 87504-1357
TELEPHONE 984-0100
AREA CODE 505
FACSIMILE 989-9542

WRITER'S DIRECT NUMBER

January 7, 1998

<u>**VIA FAX & U. S. MAIL**</u>

Merit Bennett
Tinkler & Bennett
425 Sandoval Street
Santa Fe, NM 87501

Re:   <u>**Crocker, et al. v. Smith's Food & Drug Centers, Inc.**</u>

Dear Ms Bennett:

This firm represents Smith's Food & Drug Centers, Inc. in the lawsuit filed by your clients Kimberly Crocker and Marlene Roybal.

I am writing to ask you if your clients will stipulate that under no circumstances will the amount you are seeking as damages for each exceed $75,000, exclusive of interest, costs and attorney fees. Please let me know in writing by January 14, 1998 if you are willing to make such a stipulation.

If you have any questions about this, or any other aspect of this case, please do not hesitate to call me.

Very truly yours,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By_____
Scott D. Gordon

SDG:lam

**Exhibit B**

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

No. SF 97- 2968 (c)

KIMBERLY CROCKER and
MARLENE ROYBAL,

        Plaintiffs,

vs.

SMITH'S FOOD & DRUG CENTERS, INC.,

        Defendant.

**ENDORSED**

DEC 2 2 1997

FIRST JUDICIAL DISTRICT COURT
SANTA FE, RIO ARRIBA & LOS ALAMOS COUNTIES
P. O. Box 2268
Santa Fe, New Mexico 87504-2268
JoAnn Vigil Quintana
Court Administrator/District Court Clerk

## COMPLAINT FOR PERSONAL INJURY

*COME NOW* the Plaintiffs, Kimberly Crocker and Marlene Roybal, by and through their attorneys, *TINKLER & BENNETT*, and for their complaint against Defendant Smith's, state as follows:

1. Plaintiff Kimberly Crocker (hereinafter referred to as "Crocker") was at all times material hereto a resident of Los Alamos County, State of New Mexico.

2. Plaintiff Marlene Roybal (hereinafter referred to as "Roybal") was at all times material hereto a resident of Santa Fe County, State of New Mexico.

3. Defendant Smith's Food & Drug Centers, Inc. (hereinafter referred to as "Smith's") is a Utah Corporation and was at all times material hereto a corporation authorized to do business in the State of New Mexico and Los Alamos County with its principal place of business in Bernalillo County.

4. Plaintiff Crocker was employed by Defendant Smith's as a checker from on or about August 12, 1996, to January 23, 1997.

5. Plaintiff Roybal was employed by Defendant Smith's as a checker from on or about March of 1996, to February 14, 1997.

**Exhibit C**

6. During all material times Chris Alcoa (hereinafter referred to as "Alcoa") was a co-worker of Plaintiffs and was employed at Smith's working on the same shift as Plaintiffs.

7. At all times material hereto, Lloyd Rodriguez (hereinafter referred to as "Rodriguez") was employed at Smith's as a manager and was Plaintiffs' direct supervisor.

8. On or about the Summer of 1996, Alcoa sexually harassed Plaintiff Crocker at Smith's during their employment. The harassment included, but was not limited to:

    a. Repeatedly touching Ms. Crocker in an offensive sexual manner;

    b. Repeatedly making sexual comments to Ms. Crocker;

9. Alcoa's conduct was unwelcome and created a hostile work environment for Ms. Crocker.

10. Plaintiff Crocker reported the harassment to Smith's management. She told them she was afraid. Defendant Smith's spoke to Alcoa; however, he continued to harass Plaintiff. Defendant Smith's knew of the continued harassment and yet chose not to stop the harassment.

11. Additionally, upon information and belief, some of the harassment was witnessed by supervisor Rodriguez who did nothing to stop it.

12. Chris Alcoa sexually harassed Plaintiff Roybal at Smtih's during their employment. The harassment included, but was not limited to:

    a. Repeatedly touching and staring at Ms. Roybal in a

2

sexual manner;

    b.    Making sexual comments and innuendos to Ms. Roybal;

13. This behavior was unwelcome and created a hostile work enviornment for Ms. Roybal.

14. Plaintiff Roybal reported the harassment to Smith's management. Despite knowing of the harassment, Smith's did not take immediate or appropriate action to investigate the harassment or to ensure it stopped.

15. On or about the Summer of 1996, Rodriguez, Plaintiff's manager, sexually harassed Ms. Roybal. The harassment included but was not limited to:

    a.    making sexual comments and innuendos to Ms. Roybal;

    b.    touching and staring at Ms. Roybal in a sexual manner;

    c.    constantly seeking out Ms. Roybal's company.

16. The foregoing behavior was unwelcome and created a hostile work environment for Ms. Roybal.

17. Smith's performed an investigation of Ms. Crocker's complaints. The investigation was not prompt and the action taken by Defendant Smith's was not appropriate. Defendant Smith's knew about the harassment by Alcoa and Rodriguez toward Ms. Crocker and Ms. Roybal yet insisted that Plaintiffs continue to work with the perpetrators while the harassment continued.

18. Smith's actions and that of its manager, Rodriguez, created and perpetrated a hostile working environment which Plaintiffs were forced to endureand created intolerable working

3

conditions such that no reasonable person would stay working in that position. Plaintiffs' attorneys wrote to Defendant Smith's asking that the situation be remedied. Defendant Smith's denied there was any problem and effectively refused to protect Plaintiffs. Thus, Plaintiffs had no choice but to leave their employment.

## *CAUSES OF ACTION*

### *Count I*

#### *(New Mexico Human Rights Act)*

19. Plaintiff reallege and incorporates paragraphs 1 through 18 above as if fully set forth herein.

20. The New Mexico Human Rights Act, (hereinafter referred to as "NMHRA") N.M.S.A. 1978, §28-1-7, makes it an unlawful and discriminatory practice for an employer to discriminate in the terms and conditions or privileges of employment because of sex.

21. Smith's violated the NMHRA and discriminated against Plaintiffs by its aforementioned actions in creating an intimidating and hostile work environment.

22. Plaintiffs has complied with all procedural requirements necessary to file this Complaint.

23. As a direct result of the aforesaid conduct by Smith's, Plaintiffs have suffered, and will continue to suffer, severe emotional distress, embarrassment, humiliation and loss of employment. Further, as a direct result of the aforesaid conduct by Smith's, Plaintiffs were prevented from performing their normal daily employment activities and obtaining the full enjoyment of

4

life and have sustained loss of earnings and will continue to incur other related damages.

**WHEREFORE**, on Count I, Plaintiffs pray for damages in an appropriate amount, together with attorneys' fees, pre-judgment interest, post judgment interest, costs and such other relief as the Court deems proper.

COUNT II

(Title VII)

24. Plaintiffs reallege and incorporate paragraphs 1 through 23 above as if fully set forth herein.

25. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C., Section 2000e, *et seq.*, makes it an unlawful discriminatory employment practice for an employer to discriminate against any individual in the terms and conditions of their employment because of their sex.

26. The aforementioned actions of Smith's and its employees constituted unlawful sexual harassment which was severe and pervasive, creating a hostile work environment because of Plaintiffs' sex and was a violation of Title VII.

27. Plaintiffs complied with all procedural requirements necessary to file this complaint.

28. As a direct result of the aforesaid conduct by Smith's, Plaintiffs have suffered, and will continue to suffer, severe emotional distress, embarrassment, humiliation and loss of employment. Further, as a direct result of the aforesaid conduct by Smith's, Plaintiffs were prevented from performing thier normal

5

daily employment activities and obtaining the full enjoyment of life and have sustained loss of earnings and will continue to incur other related damages.

**WHEREFORE**, on Count II, Plaintiffs pray for damages in an appropriate amount, together with attorneys' fees, pre-judgment interest, post judgment interest, costs and such other relief as the Court deems proper.

### COUNT III

### (Constructive Discharge)

29. Plaintiffs reallege and incorporate paragraphs 1 through 28 above as if fully set forth herein.

30. The aforementioned behavior of Smith's created a working environment that would have been intolerable to any reasonable employee and was designed to have the effect of causing Plaintiffs to leave their employment against their will.

31. Therefore, Smith's constructively discharged Plaintiffs.

32. As a direct result of the aforesaid conduct by Smith's, Plaintiffs have suffered, and will continue to suffer, severe emotional distress, embarrassment, humiliation and loss of employment. Further, as a direct result of the aforesaid conduct by Smith's, Plaintiffs were prevented from performing their normal daily employment activities and obtaining the full enjoyment of life and have sustained loss of earnings and will continue to incur other related damages.

**WHEREFORE**, on Count III, Plaintiffs pray for damages in an appropriate amount, together with attorneys' fees, pre-judgment

interest, post judgment interest, costs and such other relief as the Court deems proper.

### COUNT IV

*(Negligent and/or Intentional Infliction of Emotional Distress)*

33. Plaintiffs reallege and incorporate paragraphs 1 through 32 above as if fully set forth herein.

34. The foregoing conduct by Smith's constituted a negligent and/or intentional infliction of emotional distress upon Plaintiffs, and caused Plaintiffs to suffer severe emotional distress as well as other damages.

35. The conduct of Alcoa and Rodriguez occurred while they were employed by Smith's acting within the course and scope of their employment. Therefore, Smith's is responsible for the injuries to Plaintiffs proximately resulting from the aforesaid conduct by Alcoa and Rodriguez.

36. Moreover, the actions and inactions of Smith's as set forth hereinabove constitute a separate and independent basis for concluding that Smith's negligently and/or intentionally inflicted emotional distress upon Plaintiffs and caused Plaintiffs to suffer damages.

37. As a direct result of the aforesaid conduct by Smith's, Plaintiffs have suffered, and will continue to suffer, severe emotional distress, embarrassment, humiliation and loss of employment. Further, as a direct result of the aforesaid conduct by Smith's, Plaintiffs were prevented from performing their normal daily employment activities and obtaining the full enjoyment of

life and have sustained loss of earnings and will continue to incur other related damages.

**WHEREFORE**, on Count IV, Plaintiffs pray for damages in an appropriate amount, together with attorneys' fees, pre-judgment interest, post judgment interest, costs and such other relief as the Court deems proper.

## COUNT V

### (Punitive Damages)

38. Plaintiffs reallege and incorporate paragraphs 1 through 37 above as if fully set forth herein.

39. The above referenced conduct of Smith's was willful, wanton, intentional malicious, grossly negligent and/or reckless thereby entitling Plaintiffs to recover punitive damages from Smith's for the purpose of punishing Smith's and to set an example for society which will deter others from the commission of like offenses.

40. As a direct result of the aforesaid conduct by Smith's, Plaintiffs have suffered, and will continue to suffer, severe emotional distress, embarrassment, humiliation and loss of employment. Further, as a direct result of the aforesaid conduct by Smith's, Plaintiffs were prevented from performing their normal daily employment activities and obtaining the full enjoyment of life and have sustained loss of earnings and will continue to incur other related damages.

**WHEREFORE**, on Count V, Plaintiffs pray for damages in an appropriate amount, together with attorneys' fees, pre-judgment

interest, post judgment interest, costs and such other relief as the Court deems proper.

Respectfully submitted,

***TINKLER & BENNETT***
*Attorneys for Plaintiffs*

_____
Merit Bennett, Esq.
Stephen E. Tinkler, Esq.
Michele Masiowski, Esq.
425 Sandoval St.
Santa Fe, NM 87501
(505) 986-0269

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

No. SF 97-2968(c)

KIMBERLY CROCKER and
MARLENE ROYBAL,

       Plaintiffs,

vs.

SMITH'S FOOD & DRUG CENTERS, INC.,

       Defendant.

## SUMMONS
### THE STATE OF NEW MEXICO

TO:  *Smith's Food & Drug Centers, Inc.*
      *c/o Prentice-Hall Corp.*
      *121 E. Palace Ave.*
      *Santa Fe, NM 87501*

GREETINGS:

    You are hereby directed to serve a pleading or motion in response to the Complaint within thirty (30) days after service of this Summons, and file the same, all as provided by law.

    You are notified that, unless you serve and file a responsive pleading or motion, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Attorneys for Plaintiffs:  *TINKLER & BENNETT*
                                  425 Sandoval Street
                                  Santa Fe, NM 87501
                                  (505) 986-0269

    *WITNESS* the Honorable _STEPHEN D PFEFFER_, District Judge of the First Judicial District Court of the State of New Mexico, and the Seal of the District Court of said County, this 22nd day of December, 1997.

                                              JoAnne Vigil Quintana
                                    Court Administrator/District Court Clerk
                                    Clerk

( S E A L )

                                      By: _____
                                            Deputy

```
STATE OF NEW MEXICO     )
                        ) ss.
COUNTY OF SANTA FE      )
```

  I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served the within Summons & Complaint in said County on the _____ day of _____, 1997 by delivering a copy thereof in the following manner:

(check one box and fill in appropriate blanks)

[   ]   [to Defendant at the address of:_____
   on _____, 1997, at _____ o'clock ___.m.]

[   ]   [to _____, person over fifteen (15) years of age and residing at the usual place of abode of Defendant, who at the time of such service was absent therefrom]

[   ]   [by posting a copy of the Summons & Complaint in the most public part of the premises of Defendant]

[   ]   [to _____, an agent authorized to receive service of process for Defendant]

[   ]   [to _____, (parent) (guardian) of Defendant _____ (used when recipient is a minor or an incompetent person)]

[   ]   [to _____ (name of person), _____ (title) of person authorized to receive service) (used when recipient is corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)]

Fees:

_____    _____
               Signature of Person Making Service

              _____
              Title (if any)

  Subscribed and sworn to before me this _____ day of _____, 1997.

My Commission           _____
Expires:              Judge, Notary or Other Officer
                 Authorized to Administer Oaths

_____    _____
               Official Title